## HARRY E. MURRAY *v.* D. H. LEWIS.

QUESTION RESERVED BY CIRCUIT JUDGE, FIRST CIRCUIT.

ARGUED SEPT. 27 AND 28, 1905.    DECIDED SEPT. 28, 1905.

FREAR, C.J., HARTWELL AND WILDER, JJ.

JURY LISTS—*for what year prepared and when law relating thereto
becomes applicable.*

Under Rev. L., Sec. 1777, as amended by L. 1905, Act 74, the

"ensuing year" for which jury lists are to be prepared is the year beginning the first of January, or at least not earlier than the 15th of December, following the preparation of such lists, and not the year beginning with the date upon which such lists are prepared; the amendatory act, therefore, although by its terms to take effect from its passage in April, 1905, was not applicable to jury lists for the September, 1905, term of court, and the lists prepared under the law prior to the amendment were applicable to such term.

AMENDATORY ACT—*impliedly repeals former law, when.*

An act, expressed to take effect from its passage, amending in certain respects the former law relating to the selection of jurors but the provisions of which are not immediately applicable, is held under the circumstances not to operate as an immediate repeal of the former law so as to leave the subject unprovided for by statute from the passage of the amendatory act until its provisions become applicable.

### OPINIONS DELIVERED ORALLY.

The question was raised in this case in the circuit court of the first circuit by defendant's challenge to the array and motion to quash the panel of trial jurors and reserved for the opinion of this court by the trial judge, whether or not the trial jurors in attendance at the September term, 1905, of the circuit court were duly and legally selected, listed and drawn, they having been selected, listed and drawn in accordance with chapter 119 of the Revised Laws as the same existed prior to its amendment by Act 74 of the Laws of 1905.

At the close of the argument on September 27, 1905, the court decided that the question should be answered in the affirmative, holding, against the principal contention of the defendant, that the provisions of the amendatory act, so far as the selection of jurors was concerned, were not applicable to the September term, 1905, of the circuit court, although that act was by its terms to take effect from its passage, and more particularly that the "ensuing year" referred to in the first sentence of section 1777 of the Revised Laws as amended was the year beginning with the first day of January, or at least not earlier than the 15th day of December, immediately following the preparation of the jury

lists by the jury commissioners, and not the year beginning with the date upon which such jury lists were prepared.

The court further suggested the question whether the amendatory act did not replace or impliedly repeal the old law, so that, even if the provisions of the new law were not immediately applicable, still the provisions of the old law were no longer in force, with the result that there was no statutory law for the time being under which jurors could be obtained. This question, however, was not argued by counsel, but on the following day counsel requested the court to reopen the case and allow them to present argument upon this question. The request was granted and after argument the following opinions were delivered orally:

FREAR, C.J.: The court does not deem it necessary to reserve its opinion on this question. It is of the opinion that the jurors for the present term of the circuit court of the first circuit were properly selected under the provisions relating to the selection of jurors set forth in the Revised Laws, that is, under the law as it stood prior to the amendment made by Act 74 of the Laws of 1905.

I do not think a great deal need be said upon this subject. The question seems to be whether the provisions of the new law operated as a repeal of the provisions of the old law from the time of the enactment of the new law. As stated yesterday, the court is of the opinion that the provisions of the new law would not, under all the circumstances, operate as such a repeal until they should become applicable. Without speaking for the other members of the court, it occurred to me that possibly there might be a material distinction in this respect between an act which was in form an amendment of a previously existing law, as, for instance, in the present case, where the new law provides that the old law shall be amended to read so and so—thus changing the very language of the old law at once, and, on the other hand, an act, which was in form an independent act, simply providing that such and such duties should be performed, for instance, by

the jury commissioners, but not to be performed until sometime in the future. In the latter case it would be very clear, I think, that the provisions of the new law would not repeal the provisions of the old law until they should become applicable, for the repeal, in so far as there was a repeal, would be solely by implication on the ground of inconsistency, and there would be no inconsistency until the provisions of the new law became applicable. I have myself greater doubt in a case like the present, where the new act expressly states that the old law should be amended so as to read so and so, that is, where in form the old law itself is changed and there is a substitution of the new for the old, but I am inclined to think on the whole that the distinction cannot be carried so far as to control in the present case. It seems to me that notwithstanding that distinction the provisions of the new act were not intended, as shown by the act itself, to repeal the provisions of the old law until they should become applicable. Much of the old law is left untouched by the new and certain portions of the new are identical or nearly so with corresponding portions of the old law,—for instance, the provision as to the appointment of the jury commissioners, which is substantially the same, and as to their duty to prepare jury lists, which has not been changed; it could hardly be intended that the lists chosen by the jury commissioners last December should be continued and yet be useless; that is, the jury lists under the old law, as unchanged by the new law, would be in existence and yet could not be utilized. That is simply one illustration.

I do not commit my associates to these views. The court, however, is unanimously of the opinion—of the same opinion as it was yesterday—that the new act does not repeal the old except in so far as it is inconsistent with it and in so far as such inconsistent provisions are applicable and when they become applicable.

HARTWELL, J.: When a statute amends a prior statute "so as to read as follows," transactions under the earlier statute are not thereby invalidated, as it seems to me, and could not be

invalidated without infringing upon the rule against retrospective legislation, which is prohibited by a general and very early statute which was adopted by the Organic Act.

As to the jury list, drawn under the former act providing that it remain the jury list for the year ensuing after December 15, to hold that it is not a legal list ought not to be done by any uncertain inference. I do not think that this result is necessarily implied by the subsequent act. Take appointments of jury commissioners, if they were invalid new appointments would have to be made, if the earlier statute was no longer in force as to past transactions and they could do nothing unless reappointed. To my mind the construction contended for would be repugnant to the general provision against retrospective legislation.

I concur in the decision and practically in the reasoning of the Chief Justice.

WILDER, J.: I concur in the conclusion reached on the reasoning of the Chief Justice, which I understand to be this,— that these two sections of the Revised Laws, 1777 and 1779, as amended, not going into operation until after the opening of the September term, Act 74 of the 1905 laws construed together with chapter 119 of the Revised Laws shows that these sections as unamended should be in force until the amendments went into operation, namely, after the September term. Consquently, the present jury panel was properly drawn.

*Thompson & Clemons* and *F. W. Milverton* for plaintiff.

*Holmes & Stanley* and *A. Perry* for defendant.